**Electronically Filed
Intermediate Court of Appeals
30405
25-OCT-2012
08:06 AM**

NO. 30405

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


LUCIANA BACCARAT VITALI FKA
LUCIANA BACCARAT HAUEN-LIMKILDE,
Plaintiff-Appellee,
v.
MARTIN HAUEN-LIMKILDE,
Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-DIVORCE NO. 06-1-0423)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Reifurth, JJ.)

Defendant-Appellant (Father) appeals from the "Order Re Child Support Issues" entered February 25, 2010 by the Family Court of the Second Circuit[1] (family court). Family court denied Father's request to reduce child support arrearage citing Hawai'i legal precedent that precluded it from retroactively modifying a child support order.

On appeal, Father contends family court erred when it: (1) applied established legal precedent that Father argues should be modified or reversed; and (2) failed to consider Father's

---

[1] The Honorable Keith E. Tanaka presided.

request to reduce child support arrearage under Hawai'i Family Court Rules (HFCR) Rule 60(b)(6).

Upon careful review of the record and the opening brief submitted by the Father[2] and having given due consideration to the arguments advanced and the issues raised by the Father, as well as the relevant statutory and case law, we conclude Father's appeal is without merit.

A trial court's denial of a motion under HFCR Rule 60(b) is reviewed under the abuse of discretion standard. De Mello v. De Mello, 3 Haw. App. 165, 169, 646 P.2d 409, 412 (1982).

> Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion. Thus, we will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

In re Jane Doe, 95 Hawai'i 183, 189-90, 20 P.3d 616, 622-23 (2001) (internal quotation marks, citations, brackets, and ellipsis omitted).

Family court correctly concluded that the law is well settled on the issue of retroactive modification of child support orders. While family court may modify support payments prospectively, such payments may not be modified retroactively. Smith v. Smith, 3 Haw. App. 170, 174, 647 P.2d 722, 725 (1982). See also, Lindsey v. Lindsey, 6 Haw. App. 201, 204, 716 P.2d 496, 499 (1986); Contra Costa County ex rel. Tuazon v. Caro, 8 Haw. App. 341, 352, 802 P.2d 1212, 1217 (1990); State of Wash. ex rel. Gibson v. Gibson, 8 Haw. App. 304, 313, 800 P.2d 1011, 1015 (1990).

---

[2]  No answering brief was filed.

Therefore,

IT IS HEREBY ORDERED that the "Order Re Child Support Issues" entered February 25, 2010 by the Family Court of the Second Circuit is affirmed.

DATED:  Honolulu, Hawai'i, October 25, 2012.


On the opening brief:

Mimi Desjardins
Hayden Aluli
for Defendant-Appellant.

Presiding Judge

Associate Judge

Associate Judge

3